# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KEVIN YOUNG,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-985-PRW** |
| | ) | |
| **TOMMY SHARP, Warden** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Kevin Young, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") challenging his state court conviction and sentence in Case No. CF-1996-2963 in the District Court of Oklahoma County, Oklahoma. Doc. 1. United States District Judge Patrick R. Wyrick referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Petitioner also filed an Application for Leave to Proceed in Forma Pauperis ("Application"). Doc. 2. For the reasons set forth below, the undersigned recommends that the Court dismiss the Petition and deny the Application as moot.

## I.      Standard of Review

The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") are applicable to habeas petitions brought under § 2241. Habeas Rule 1(b); *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005). Habeas Rule 4 requires the Court to promptly conduct a preliminary review of habeas petitions. A petition should be dismissed "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*. (citation modified). Because

Petitioner is proceeding pro se, the Court will "liberally construe his filings" but "will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## II.    Analysis

A § 2241 petition is "generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citation modified). Though Petitioner purports to challenge "how [his] sentence is being carried out, calculated, or credited," Doc. 1 at 1, he alleges no facts challenging the execution of his sentence. Petitioner does not, for example, try to "challenge certain matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters affecting the fact or duration" of his custody. *Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016) (citation modified).

Instead, Petitioner seeks to challenge his conviction and sentence. Doc. 1 at 6-7; *see also* Docs. 1-1 to 1-8. As such, a petition under § 2254 "is the proper avenue for attacking the validity of [his] conviction and sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *see also Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009) ("[A state prisoner's] § 2241 habeas petition can only challenge the execution of his sentence, not the validity of his conviction and the original sentence.").

2

Thus, the Court should dismiss without prejudice the Petition for failure to state a § 2241

claim upon which relief could be granted.[1]

### III.    Application

After filing his Application seeking leave to proceed in forma pauperis, Doc. 2,

Petitioner paid the $5.00 filing fee required for habeas actions, Doc. 5.  Accordingly, the

Application should be denied as moot.

### IV.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS**

the Petition without prejudice.  Doc. 1.  The undersigned also recommends the Court

**DENY** the Application as moot.  Doc. 2.  Petitioner is advised of his right to object to this

Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the

Clerk of Court not later than June 1, 2026.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

Failure to object timely waives the right to appellate review of the factual and legal issues

---

[1] The undersigned declines to liberally construe and recharacterize the Petition as brought under 28 U.S.C. § 2254.  *See Davis v. Roberts*, 425 F.3d 830, 834–35 (10th Cir. 2005) (requiring district courts, before converting a claim to a § 2254 petition, to notify and warn a litigant of its intent to do so and to allow litigant to withdraw or amend the motion). Congress has also imposed strict limitations on § 2254 actions, including generally prohibiting second or successive petitions and imposing a one-year limitations period for filing a petition.  28 U.S.C. § 2244(a), (d).  Petitioner has previously been denied relief in a § 2254 habeas action challenging his conviction and sentence in Case No. CF-1996-2963. *Young v. Mullin*, No. CIV-01-1551-M (W.D. Okla. July 29, 2005).  Though "a district court may have discretion to convert a pro se prisoner's claim," *Crosby v. True*, 826 F. App'x 699, 700 (10th Cir. 2020), the undersigned finds no reason to do so here.  *See id.* at 700-01 (noting the Tenth Circuit "has previously directed district courts to dismiss, without prejudice, a challenge . . . improperly brought under § 2241" and holding the district court did not err in dismissing without prejudice a claim improperly brought under § 2241).

addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 11th day of May, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE