# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

KEVIN YOUNG,                            )
                                       )
          Petitioner,            )
                                       )
v.                                      )     Case No. CIV-26-985-PRW
                                       )
TOMMY SHARP,                            )
                                       )
          Respondent.            )

## ORDER

Before the Court is United States Magistrate Judge Chris M. Stephens's Report and Recommendation (Dkt. 6) and what the Court liberally construes as pro se Petitioner Kevin Young's Objection (Dkt. 7). For the reasons given below, the Court **ADOPTS** Magistrate Judge Stephens's Report and Recommendation (Dkt. 6) in its entirety and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1).

### *Background*

Petitioner, a state prisoner, filed a Petition for Writ of Habeas Corpus (Dkt. 1) under 28 U.S.C. § 2241, challenging his conviction and sentence in Oklahoma County Case No. CF-1996-2963. Petitioner alleges that he was denied the ability to present evidence which would have allowed him to raise a defense of duress in his original trial, as well as other "[s]ubstantial [e]vidence of [m]itigation."[1] He asks the Court to order his release from the

---

[1] Pet. (Dkt 1), at 6.

Oklahoma Department of Corrections, or, in the alternative, to remand the case to the appropriate state court with instructions to grant a writ of habeas corpus.

## *Legal Standard*

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[2] An objection is "proper" if it is both timely and specific.[3] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[4] Additionally, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."[5] Because Petitioner is proceeding *pro se*, the Court construes his objections and filings liberally without serving as his advocate.[6] A court should only dismiss "a pro se complaint for failure to state a claim" where "it would be futile to give him an opportunity to amend."[7]

## *Analysis*

Magistrate Judge Stephens recommends dismissal of the Petition (Dkt. 1) because Petitioner brought it under the incorrect statute. Petitions brought under § 2241 are "generally reserved for complaints about the nature of a prisoner's confinement, not the

---

[2] Fed. R. Civ. P. 72(b)(3).

[3] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[4] *Id.*

[5] *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

[6] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Gray v. Geo Grp., Inc.*, 727 F. App'x 940, 946 (10th Cir. 2018).

fact of his confinement."[8] "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence[.]"[9] Magistrate Judge Stephens found Petitioner "alleges no facts challenging the execution of his sentence."[10] Magistrate Judge Stephens recommends that the Petition (Dkt. 1) be dismissed rather than liberally construed and converted into a § 2254 petition, owing to statutory limits on second or successive petitions and the one-year limitation period for filing. Magistrate Judge Stephens noted that this Court previously denied Petitioner relief under § 2254.[11]

Liberally construed, Petitioner raises one specific objection to the Report and Recommendation (Dkt. 6). For the first time, he argues in conclusory fashion that he is challenging the execution of his sentence because "after his unapplied accumulated behavioral earned credits-days would be applied to his sentence," his term of incarceration would be satisfied under 57 O.S. § 138.[12] However, Petitioner also represents that he was originally given a death sentence, which was commuted to life without parole in 2008.[13] And state law does not permit credits for good conduct to reduce life sentences.[14] As

---

[8] *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011)

[9] *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809, 811 (10th Cir. 1997) (inline case citations omitted).

[10] R&R (Dkt. 6), at 2.

[11] *Young v. Mullin*, No. CIV-01-1551-M (W.D. Okla. July 29, 2005).

[12] Obj. (Dkt. 7), at 2.

[13] *Id.* at 24.

[14] 57 O.S. § 138(A).

Petitioner raises this issue for the first time in his Objection (Dkt. 7), it is waived.[15] But even if it weren't, Petitioner has failed to plead facts which plausibly allege a basis for relief under § 2241.

The Court reviews the unobjected-to portions of the Report and Recommendation (Dkt. 6) for clear error and finds none.

### *Conclusion*

Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 6) and **DISMISSES** the Petition (Dkt. 1). The Court also refuses to issue a certificate of appealability because reasonable jurists would not debate the Court's procedural ruling or the conclusion that Petitioner has failed to state a cognizable basis for § 2241 relief.[16] A separate judgment will follow.

**IT IS SO ORDERED** this 4th day of June 2026.

_____

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[15] *Marshall*, 75 F.3d at 1426.

[16] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)